UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00066-GNS-HBB

MARK M.                                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                         DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 17) to the Magistrate Judge's Report and Recommendation (DN 16).  For the reasons below, the objection is **OVERRULED**.

### I.     SUMMARY OF THE FACTS

On October 16, 2019, Plaintiff Mark M.[1] protectively filed an application for Title II Disability Insurance Benefits, alleging a disability onset date of October 1, 2018. (Administrative R. 20, 235-41, DN 10 [hereinafter R.]).  The application was denied at the initial and reconsideration stages.  (R. 20, 105, 108, 122, 125).  Thereafter, Plaintiff was granted a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on January 28, 2021. (R. 20, 39-41, 168-72, 188).

On March 31, 2021, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled from the alleged onset date through the date of the decision.  (R. 20-34); *see* 20 C.F.R. § 404.1520.  First, the ALJ noted that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (R. 22).  Next, the ALJ opined that Plaintiff had the following severe impairments:  degenerative changes of the cervical,

---

[1] Pursuant to GO 22-05, non-government parties are identified only by first name and last initial.

thoracic, and lumbar spine; obesity; history of myocardial infarction; medial meniscus tear; depression; and anxiety. (R. 22). At the third step, the ALJ noted that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a Listing in Appendix 1 of the regulations. (R. 23-24).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with physical, mental, and environmental limitations. (R. 24-25); *see* 20 C.F.R. § 404.1567(b). As such, at the fourth step, the ALJ determined Plaintiff was unable to perform his past relevant work. (R. 32). Finally, after considering Plaintiff's RFC, age, education, and past work experience, plus testimony from a vocational expert, the ALJ concluded that a significant number of jobs exist in the national economy which Plaintiff could perform. (R. 32-33). As such, Plaintiff was not disabled from the alleged onset date through the date of the decision. (R. 33).

Plaintiff requested, and was denied, review by the Appeals Council. (R. 6-8, 230-32). Plaintiff initiated this action against Defendant Acting Commissioner Kilolo Kijakazi for judicial review of the ALJ's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R."), that the ALJ's decision be affirmed. (R. & R., DN 16). Plaintiff timely objected to the R & R. (Pl.'s Obj., DN 17).

## II.    JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.    STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following

the filing of the recommendation, each party may object within fourteen days. *Id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *Id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV.   DISCUSSION

Plaintiff objects to the Magistrate Judge's Report and Recommendation only as it relates to his first argument[2] that the RFC determination was not supported by substantial evidence, particularly as to Plaintiff's mental impairments, because the ALJ did not adequately explain his analysis about the medical opinion of consultative psychological examiner Dr. Gregory Lynch

---

[2] Plaintiff has thereby waived any argument regarding the Magistrate Judge's conclusions regarding his second argument about the ALJ's findings at the fifth step of the sequential process. *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 441 n.6 (6th Cir. 2007); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).

3

("Dr. Lynch"). (Pl.'s Obj. 1-4; Pl.'s Fact & Law Summ. 1, DN 13). The Magistrate Judge ultimately rejected the argument. (R. & R. 8-10).

Plaintiff insists that the ALJ did not conduct a meaningful evaluation of the consistency of Dr. Lynch's opinion "because the ALJ discussed the evidence elsewhere in the Decision (rather than in the ALJ's consideration of Dr. Lynch's opinion itself)." (Pl.'s Obj. 2). Moreover, Plaintiff critiques the ALJ's supportability discussion for not adequately explaining how his daily activities would be indicative of his capability to engage with coworkers and supervisors. (Pl.'s Obj. 3). These arguments are similar to the ones presented to the Magistrate Judge, however, and primarily do not address purported errors committed during the Magistrate Judge's review. (*Compare* Pl.'s Obj. 1-4, *with* Pl.'s Mem. Supp. Fact & Law Summ. 9-14, DN 13-1). This generalized objection traditionally is viewed as a failure to object. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general objections do not direct towards "any specific issues for review, thereby making the initial reference to the magistrate [judge] useless[,]" and requires duplicative time and effort to resolve identical tasks, which "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

Nevertheless, the Magistrate Judge properly noted that, considering Plaintiff filed his application after March 27, 2017, the regulations no longer "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . ." (R. & R. 6-7 (internal quotation marks omitted) (citation omitted)); *see* 20 C.F.R. § 404.1520c(a). Medical opinions are instead evaluated for their persuasiveness, which is assessed across five factors. (R. & R. 6-7); *see* 20 C.F.R. § 404.1520c(a), (c). The regulations characterize consistency and supportability as "the most important factors" to be considered when evaluating an opinion's persuasiveness. *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2). Turning to the ALJ's decision, the Magistrate Judge accurately recounted Dr. Lynch's

four opinions about Plaintiff's limitations: (1) his "capacity to understand, remember, and carry out instructions towards the performance of simple repetitive tasks seems affected by his impairments with only slight limitations"; (2) his "ability to tolerate the stress and pressure of day-to-day employment seems affected by the impairment with moderate limitations"; (3) his "capacity to sustain attention and concentration towards the performance of simple repetitive tasks seems affected by the impairment with moderate limitations"; and (4) his "capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting seem affected by the impairment with moderate to marked limitations []." (R. 30; *see* R. 550-51; R. & R. 8). The ALJ found the first three opinions to be persuasive but did not find the fourth opinion to be persuasive, as it was "not supported by Dr. Lynch's own findings . . . ." (R. 30). The ALJ explained that Dr. Lynch reported Plaintiff exhibiting normal eye contact, was adequately cooperative, goes shopping twice a month, and interacts with his mother daily and other family members occasionally. (R. 30; *see* R. 549-50). Furthermore, the ALJ commented that "other examinations of record . . . show [Plaintiff] . . . has no difficulty interacting with others." (R. 30). Accordingly, the ALJ concluded "[t]here is no evidence showing [Plaintiff] has more than mild limitations in social interaction." (R. 30). Therefore, the Magistrate Judge properly concluded that the ALJ's consistency and supportability determinations were sufficiently articulated to explain why Dr. Lynch's opinion was found to be partially persuasive and to comply with 20 C.F.R. § 404.1520c(b)(1) and (c)(2). (*See* R. & R. 10).

Contrary to Plaintiff's arguments, it is not error for the ALJ's consideration of Dr. Lynch's opinion to span multiple sections of the decision. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (recognizing that the ALJ's decision should be read as a whole); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (holding that "the ALJ made

5

sufficient factual findings elsewhere in his decision to support his conclusion at step three." (citation omitted)); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (rejecting that the ALJ must "spell out every fact a second time" when considered in later sections of the decision). Moreover, the ALJ's reference to the lack of evidence in the record to demonstrate "any difficulty interacting or relating to others to suggest that [Plaintiff] has more than mild limitations in social interaction," in contrast to other medical examinations documenting Plaintiff as cooperative and not exhibiting difficulty interacting, sufficiently creates a logical bridge between Plaintiff's RFC, Dr. Lynch's opinion, the ALJ's persuasiveness determination of the opinion, and the entirety of the administrative record to facilitate a meaningful review. (R. 30); *see Logsdon v. Kijakazi*, No. 1:20-CV-00177-GNS, 2022 U.S. Dist. LEXIS 46516, at *16-17 (W.D. Ky. Mar. 16, 2022) ("Certainly, the ALJ 'must provide an accurate and logical bridge between the evidence and the conclusion[,]' but the ALJ is not required to explicitly mention or discuss every piece of evidence in the record." (alteration in original) (citations omitted)); *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("In determining the existence of substantial evidence, this court must examine the administrative record as a whole." (citation omitted)). Despite Plaintiff's arguments for remand, the ALJ's "decision must be affirmed if the . . . findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision." *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).[3]

---

[3] Plaintiff asserts that the RFC determination "is solely the ALJ's responsibility, [but] it must be supported by at least one medical opinion." (Pl.'s Obj. 4 (citation omitted)). As the Commissioner notes, however, Plaintiff did not raise this contention before the Magistrate Judge. (Def.'s Resp. Pl.'s Obj. 2, DN 18; *see* Pl.'s Mem. Supp. Fact & Law Summ. 9-16). "[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (alteration in original). Therefore, Plaintiff has waived the argument, and it will not be considered.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 16) is **ADOPTED**, Plaintiff's Objection (DN 17) is **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. Judgment shall be entered in favor of the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 14, 2023

cc: counsel of record